IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PABLO REYES-LECHUGA,

Petitioner,

v.

WARDEN EMMERICH,

Respondent.

OPINION and ORDER

26-cv-740-jdp

---

Petitioner Pablo Reyes-Lechuga, proceeding without counsel, brings a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Reyes-Lechuga is currently serving a 120-month sentence following his conviction for conspiracy to import into the United States 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 963, § 952(a), and § 960(b)(1). *See United States v. Reyes-Lechuga*, 25-cr-737 (S.D. Tx.), Dkt. 41. Reyes-Lechuga contends that Bureau of Prison officials have unlawfully denied him time credits under the First Step Act that, if applied to his sentence, would expedite his projected release date, which is currently calculated to be September 23, 2033.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because the court lacks jurisdiction to hear most of Reyes-Lechuga's claims, and because the claims over which the court might have jurisdiction are unexhausted and plainly meritless.

## ANALYSIS

I take Reyes-Lechuga to contend primarily that the refusal of BOP officials to apply his FSA time credit to his sentence is unlawful because they are basing the refusal on an invalid final order of removal. Reyes-Lechuga raises four specific claims in the petition itself. First, he contends that the order of removal is invalid because he did not receive a hearing to contest it. *See* Dkt. 1 at 3–4. Second, he contends that the order is invalid because it was recently served on him. *See id.* at 4. Third, he contends that a detainer action letter, which apparently referred to the order or removal, was fabricated by immigration officials. *See id.*

Reyes-Lechuga's fourth claim has two parts. *See id.* The first part, which is inconsistent with claim three, is that BOP officials themselves fabricated the detainer action letter. *See id.* The second part, which mostly duplicates claims one and two, is that the order of removal and detainer action letter are invalid because Reyes-Lechuga's due process rights were violated in immigration court. *Id.*

Reyes-Lechuga's claims have three primary problems, the first of which is jurisdictional. Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). In claims one through three and the second part of claim four, Reyes-Lechuga seeks a court order ruling that his order of removal is invalid. But under § 1252(a)(5), this court lacks jurisdiction to grant this relief. Reyes-Lechuga hasn't suggested that any potential exception to § 1252(a)(5) would apply.

The second and third problems relate to the first part of claim four. I begin with the second problem, lack of exhaustion. Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The first part of claim four

raises a fact-intensive issue (whether BOP officials themselves fabricated the detainer action letter) that is capable of administrative resolution.

Reyes-Lechuga suggests that he doesn't have enough time to pursue his administrative remedies because BOP officials recently served the detainer action letter on him. I may excuse a failure to exhaust where requiring exhaustion would cause prejudice because of the time required. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). But Reyes-Lechuga's release date is more than seven years from now, so he has ample time to complete the administrative remedy process. *See* 28 C.F.R. § 542.18 ("Once filed, response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days."); *cf. Teferi v. Keyes*, No. 23-cv-159-jdp, 2023 WL 4930108, at *2 (W.D. Wis. Aug. 2, 2023) (no prejudice where petitioner could complete final two steps of BOP's administrative remedy process three months before projected release date).

But even if I could excuse the failure to exhaust the first part of claim four, there is a third problem. Section 2241 petitions have heightened pleading standards. *Compare McFarland v. Scott*, 512 U.S. 849, 856 (1994), *with* Rule 4, Section 2254 Rules. The § 2254 Rules "mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Reyes-Lechuga contends that BOP officials fabricated his detainer action letter, but he hasn't alleged any facts even suggesting that to be the case. His bare assertion of fabrication doesn't meet § 2241's heightened pleading standards.

To recap, the court lacks jurisdiction to hear most of the claims raised in the petition because Reyes-Lechuga seeks a ruling invalidating his order of removal. The sole claim in that

pleading over which the court potentially has jurisdiction—concerning the allegation that the BOP forged the detainer action letter—is unexhausted and, as articulated, doesn't meet § 2241's heightened pleading standards. I will dismiss the petition and close the case.

ORDER

IT IS ORDERED that:

1. Petitioner Pablo Reyes-Lechuga's petition, Dkt. 1, is DISMISSED. As a result, claims one through three are dismissed for lack of jurisdiction. Claim four is dismissed as plainly meritless and unexhausted.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 25, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge